**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADAM M. STIDFOLE, | : | CIVIL ACTION NO. 1:22-CV-381 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| ERIC ARMEL, *et al.*, | : | |
| | : | |
| Respondents | : | |

**<u>MEMORANDUM</u>**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. Petitioner, Adam M. Stidfole, challenges his 2017 conviction for aggravated indecent assault, corruption of minors, unlawful contact with a minor, and indecent assault in the Mifflin County Court of Common Pleas. We will deny the petition with prejudice.

**I.    <u>Factual Background & Procedural History</u>**

The Pennsylvania Superior Court has succinctly summarized much of the relevant background and procedural history. <u>See</u> <u>Commonwealth v. Stidfole</u>, 249 A.3d 1183, No. 449 MDA 2020, 2021 WL 733554, at *1 (Pa. Super. Ct. 2021). In September 2016, Mifflin County Children and Youth Services ("CYS") began investigating a report of sexual contact between Stidfole and the victim, who was 10 years old at the time. <u>Id.</u> State trooper Shane Varner was assigned to investigate the case. <u>Id.</u> Varner interviewed Stidfole and arranged for the victim to be interviewed by a specialist from the Children's Advocacy Center. <u>Id.</u> Varner charged Stidfole with various offenses following the interviews. <u>Id.</u>

Following a jury trial, Stidfole was found guilty of three counts of unlawful contact with a minor, three counts of indecent assault, one count of aggravated indecent assault, and one count of corruption of minors.  Id.  The court sentenced him to an aggregate term of imprisonment of 25 to 50 years.  Id.  Stidfole did not file any post-trial motions or direct appeals.  Id.

Stidfole filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on May 7, 2018.  Id.  In the PCRA proceedings, Stidfole asserted that he received ineffective assistance of trial counsel because counsel (1) failed to challenge the qualifications of the victim's therapist; (2) failed to argue that the victim's testimony was tainted by suggestive or coercive interviewing techniques by the Commonwealth; (3) failed to obtain complete discovery by not obtaining CYS records regarding the victim; (4) failed to cross-examine CYS caseworker Hannah Wert; and (5) failed to call character witnesses on Stidfole's behalf.  Id. at *2-4.  The court of common pleas denied relief on February 4, 2020.  Id. at *1.  Stidfole appealed, and the superior court affirmed the denial of PCRA relief on February 25, 2021.  Id. at *5.  He filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on September 8, 2021.  Commonwealth v. Stidfole, 262 A.3d 1256 (Pa. 2021).

Stidfole filed the instant petition on March 1, 2022, and the court received and docketed the petition on March 15, 2022.  (Doc. 1 at 14).  Stidfole raises four claims for habeas corpus relief: (1) that trial counsel was ineffective for failing to obtain CYS records regarding the victim; (2) that trial counsel was ineffective in failing to cross-examine Wert; (3) that trial counsel was ineffective by failing to call

character witnesses on his behalf or interview potential character witnesses; and (4) that PCRA counsel was ineffective in failing to argue that Stidfole's direct appeal rights should be reinstated.  (Id. at 5-9).  Respondent[1] responded to the petition on April 24, 2022, arguing that the petition should be denied on its merits.  (Doc. 9).  Stidfole filed a reply brief on June 15, 2022, making the petition ripe for our review.

## II.   **Discussion**

Stidfole's ineffective assistance of counsel claims were decided on their merits in state court and are accordingly governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet."  Mays v. Hines, 592 U.S. __, 141 S. Ct. 1145, 1149 (2021) (quoting Harrington

---

[1] Stidfole has named the Attorney General of Pennsylvania and the District Attorney of Mifflin County as respondents, but the proper respondent in a habeas corpus action is the warden or superintendent of the facility where the petitioner is being held.  Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  We will accordingly direct the Clerk of Court to terminate all respondents except for Superintendent Eric Armel and will refer to Armel as "respondent" for the remainder of this opinion.

v. Richter, 562 U.S. 86, 102 (2011)).  Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute for "ordinary error correction through appeal."  Harrington, 562 U.S. at 102-03 (citing Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)).  "Federal habeas courts must defer to reasonable state-court decisions," Dunn v. Reeves, 594 U.S. __, 141 S. Ct. 2405, 2407 (2021), and may only grant habeas corpus relief when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fairminded disagreement."  Mays, 141 S. Ct. at 1149 (quoting Harrington, 562 U.S. at 102).  When a claim has been decided on its merits in state court, federal court review of the claim is "limited to the record that was before the state court that adjudicated the claim on the merits."  Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

To obtain habeas corpus relief based on ineffective assistance of counsel, petitioners must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance caused prejudice to the petitioner.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The court's analysis as to whether counsel's performance was deficient must be "highly deferential" to counsel, and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.

The court's analysis is "doubly deferential" when a state court has already decided that counsel's performance was adequate.  Dunn, 141 S. Ct. at 2410.  The court must apply a high level of deference both to counsel's actions and to the state

court's determination that counsel's actions were constitutionally adequate.  Id.;

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (citing Yarborough v. Gentry, 540

U.S. 1, 5-6 (2003)).  The federal court may only grant habeas corpus relief if "*every*

'fairminded jurist' would agree that *every* reasonable lawyer would have made a

different decision." Dunn, 141 S. Ct. at 2411 (emphasis in original) (quoting

Harrington, 562 U.S. at 101).

Stidfole first claims that counsel was ineffective in failing to obtain CYS

records regarding the victim.  (Doc. 1 at 5).  Although Stidfole does not elaborate as

to what records counsel should have obtained, he argued before the superior court

that CYS records would show that the victim previously made similar accusations

against other individuals that were determined to be unfounded; that the victim

was coerced to bring accusations against him by investigators, counselors,

therapists, and other individuals; and that the victim made statements to CYS

employees that cast doubt on the truth of her testimony at trial.  Stidfole, 2021 WL

733554, at *3. Stidfole confirms in his reply brief that his claim of ineffectiveness

before this court is based on the same purported CYS records.  (Doc. 14 at 1).

The superior court denied this claim on its merits, noting that Stidfole failed

to produce any CYS records or testimony to support the claim.  Stidfole, 2021 WL

733554, at *4.  "Lacking any evidence that CYS possessed these records," the court

concluded, "Stidfole's claim that trial counsel was ineffective for failing to obtain

them lacks merit."  Id.

We find the superior court's conclusion to be reasonable and not contrary to

clearly established federal law.  In reviewing claims of ineffective assistance of

counsel, courts presume that the attorney's actions were reasonable.  Dunn, 141 S. Ct. at 2410.  The petitioner has the burden to overcome this presumption, and an absence of evidence is not sufficient to meet the burden.  Id.  Stidfole failed to produce any evidence to support his claim in state court, and this court may not supplement the record to include evidence that was not before the state courts.  Cullen, 563 U.S. at 181.  Thus, the state courts' conclusion that Stidfole's claim failed based on the absence of supporting evidence was a reasonable application of federal law.  See Dunn, 141 S. Ct. at 2410.

Stidfole's second claim is that counsel provided ineffective assistance by failing to cross-examine Wert.  (Doc. 1 at 6).  Stidfole states that cross-examination of Wert would have brought to light CYS records that could have helped his defense.  (Id.)  This claim was also considered on its merits by the superior court and denied based on Stidfole's failure to produce any supporting evidence.  Stidfole, 2021 WL 733554, at *4.  The court noted that Stidfole "failed to present any evidence to support his claim that CYS had documents in its possession that could have impeached Wert's credibility or bolstered Stidfole's credibility."  Id.  The court additionally noted that Stidfole's counsel testified at the PCRA evidentiary hearing that he did not think there would be any strategic benefit to cross-examining Wert because none of her testimony on direct examination was harmful or incriminating to Stidfole.  Id.  We find that conclusion reasonable and not contrary to clearly established federal law.  Stidfole's failure to produce any supporting evidence in the state court record is again fatal to his claim.  See Dunn, 141 S. Ct. at 2410.

In his third claim, Stidfole argues that counsel was ineffective in failing to call character witnesses on his behalf or investigate potential character witnesses.  (Doc. 1 at 8).  The superior court denied this claim on the merits, noting that Stidfole had not shown that any character witnesses were available to testify or that failing to call the witnesses prejudiced him.  Stidfole, 2021 WL 733554, at *4.  The court also found that not calling character witnesses was a reasonable strategic decision based on counsel's testimony that calling character witnesses could have opened the door to the Commonwealth introducing evidence of Stidfole's prior convictions for offenses similar to the ones for which he was on trial.  Id.

We hold that the superior court's decision was reasonable and conformed to clearly established federal law.  As the court noted, counsel did not call character witnesses to avoid opening the door to potentially damaging evidence being introduced during cross-examination.  Id.  Declining to introduce certain testimony to avoid opening the door to damaging evidence on cross examination is a reasonable strategy, see Darden v. Wainwright, 477 U.S. 168, 186 (1986), and Stidfole has not produced any evidence to rebut trial counsel's testimony that calling character witnesses could have opened the door to evidence of his prior convictions.  We will accordingly deny Stidfole's third claim.

Finally, Stidfole's fourth claim seeks a writ of habeas corpus based on PCRA counsel's failure to argue that his direct appeal rights should be reinstated.  (Doc. 1 at 9).  This claim plainly fails.  Federal courts may not grant habeas corpus relief

based on the purported ineffectiveness of PCRA counsel.  28 U.S.C. § 2254(i);

Martinez v. Ryan, 566 U.S. 1, 17 (2012).[2]

## III.   Conclusion

We will deny the petition for writ of habeas corpus with prejudice.  A

certificate of appealability will not issue because no reasonable jurist would

disagree with this ruling or conclude that the issues presented are adequate to

deserve encouragement to proceed further.  Buck v. Davis, 580 U.S. 100, 115 (2017)

(citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).  An appropriate order shall

issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    April 12, 2023

---

[2] Stidfole suggests in his reply brief that this claim is proper under Martinez because Martinez allows substantial claims of ineffective assistance of counsel to proceed based on PCRA counsel's ineffectiveness.  (See Doc. 14 at 4).  Stidfole's reliance on Martinez is misplaced.  Under Martinez, evidence of PCRA counsel's ineffectiveness is admissible only to excuse a procedural default, "not as an independent basis for overturning" the petitioner's conviction.  566 U.S. at 17.  Stidfole does not point to a procedurally defaulted claim that the court may consider based on PCRA counsel's ineffectiveness.  Instead, he seeks a writ of habeas corpus based on a freestanding claim of PCRA counsel's ineffectiveness.  (See Doc. 1 at 9).  This is not permissible.  See 28 U.S.C. § 2254(i); Martinez, 566 U.S. at 17.